**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KIARA SMITH
ADC #107225                                                                                                              PLAINTIFF

V.                                         3:07CV00050 JMM/JTR

LEROY MEADOWS, Sheriff,
Mississippi County, et al.                                                                                      DEFENDANTS

**ORDER**

On June 12, 2007, the Court issued an Order giving Plaintiff, who is proceeding *pro se* in this § 1983 action, 120 days to file a Motion for Service containing the full name and service address for Defendant Maintenance Supervisor John Doe. *See* docket entry #12. On June 28, 2007, Plaintiff timely complied with that Order by filing a Motion for Service, which was inadvertently docketed as a "Motion for Discovery." *See* docket entry #22. The Court will grant Plaintiff's Motion and order service.

On July 3, 2007, Plaintiff filed his First Set of Interrogatories and Request for Production of Documents. *See* docket entry #31. The Certificate of Service attached thereto states that Plaintiff mailed a single copy to the Court and that he did not mail a copy to opposing counsel. *Id.* The Federal Rules of Civil Procedure provide that discovery requests are <u>not</u> to be filed with the Court, and instead, must be <u>mailed</u> <u>directly</u> to opposing counsel.[1] The Court has sent defense counsel an

---

[1] *See* Fed. R. Civ. P. 5(d) (providing that "the following discovery requests and responses must <u>not</u> be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon the land, and (iv) requests for admissions") (emphasis added); Local Rule 5.5(c)(2) (stating that "[a]ny party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure"). In contrast, Motions to Compel and/or for Sanctions, pursuant to Fed. R. Civ. P. 37, and any necessary attachments will be accepted for filing.

electronic notice of Plaintiff's filing. However, in the future, Plaintiff must <u>mail</u> all discovery requests <u>directly</u> to opposing counsel and <u>not</u> file them with the Court.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Service (which was inadvertently docketed as a "Motion for Discovery") (docket entry #22) is GRANTED.

2. The Clerk is directed to amend the docket sheet to reflect that Defendant Maintenance Supervisor John Doe is David Weeks, Maintenance Supervisor, Mississippi County Detention Center.

3. The Clerk is directed to prepare a summons for Defendant Weeks, and the U.S. Marshal is directed to serve the Complaint (docket entry #2), Amended Complaint (docket entry #6), Second Amended Complaint (docket entry #7), Third Amended Complaint (docket entry #13) and the Court's June 12, 2007 Order (docket entry #12) without prepayment of fees and costs or security therefor.

4. Plaintiff is directed to REFRAIN from filing discovery requests with the Court.

Dated this 3rd day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE