## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

KIARA SMITH
ADC #107225                                                                                       PLAINTIFF

V.                                       3:07CV00050 JMM/JTR

LEROY MEADOWS, Sheriff,
Mississippi County, et al.                                                                  DEFENDANTS

### ORDER

On November 15, 2007, Defendants timely filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Indisputable Material Facts. *See* docket entries #43, #44, and #45 #46. The Court concludes that a Response from Plaintiff would be helpful to the resolution of that Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Furthermore, pursuant to Local Rule 56.1, Plaintiff must <u>also</u> <u>separately</u> file a Statement of Disputed Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in Defendants' Statement of Indisputable Material Facts (docket entry #45); and (b) any other disputed

---

[1] The affidavit must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

facts that he believes must be resolved at a hearing or trial.[2]  Finally, Plaintiff is advised that if he intends to rely upon grievances or records that have been previously filed with the Court, he must specifically refer to those documents by docket number, page, date, and heading.  The Court will not sift through the file to find support for Plaintiff's factual contentions.  *See Crossley v. Georgia-Pacific, Corp.*, 335 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall file, **within thirty days of the entry of this Order**, a Response to Defendants' Motion for Summary Judgment (docket entry #43 ). That Response must comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

---

[2] Specifically, Defendants' Statement of Indisputable Material Facts contains 78 separately numbered paragraphs containing assertions of allegedly undisputed fact.  *See* docket entry #45. Plaintiff's Statement of Disputed Facts must contain 78 separately listed paragraphs that respond directly to each of Defendants' corresponding paragraphs.  For instance, Plaintiff's paragraph 1 should state whether he agrees or disagrees (and why) with only the factual assertions contained in paragraph 1 of Defendants' Statement of Indisputable Material Facts. After Plaintiff has done so for each of Defendants' 78 separate paragraphs, Plaintiff may list (in separately numbered paragraphs starting with 79), any additional disputed material facts that he believes must be resolved at a hearing or trial.

2.      Plaintiff is advised that the failure to timely and properly comply with this Order could result in: (a) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2);[3] or (b) all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c).

Dated this 27th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)